UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CYNTHIA JOHNSON-BARBATO,

    *Plaintiff*,

v.

ANTHEM BLUE CROSS BLUE SHIELD,

    *Defendant*.

Civ. Action No. 16-05270 (JMV)

**OPINION**

**John Michael Vazquez, U.S.D.J.**

## I. INTRODUCTION

This matter comes before the Court on Defendant Anthem Blue Cross Blue Shield's ("Anthem" or "Defendant") unopposed motion to dismiss. D.E. 7. The Court reviewed all submissions in support of the motion and considered it without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons that follow, the Court grants Defendant's motion.

## II. BACKGROUND[1]

Plaintiff alleges that she is employed by "Cardinal Health" and is an account holder with Anthem through a Cardinal Health group plan. Compl., Count 1, ¶¶ 3-4. During 2015 and 2016, Plaintiff submitted medical claims to Anthem, primarily related to a foot injury that ultimately required surgery. *Id.* ¶ 5. Plaintiff alleges that her claims were submitted timely and "in all other ways complied with the contract of insurance." *Id.* ¶ 6. According to the Complaint, Anthem

---

[1] The facts of this matter derive from Plaintiff's Complaint, which consists of less than two pages of allegations.

refused to make "full and proper payment," by either reducing reimbursement or denying payment altogether. *Id.* ¶ 7.

Plaintiff filed the Complaint in the Superior Court of New Jersey, Essex County. Defendants removed the matter to this Court on the basis of federal question and diversity jurisdiction. D.E. 1. Plaintiff's two-count Complaint alleges breach of contract and breach of the covenant of good faith and fair dealing. Defendant moved to dismiss the Complaint. Plaintiff did not file an opposition.

### III. LAW AND ANALYSIS

#### A. Standard of Review

According to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court should dismiss a complaint when it fails "to state a claim upon which relief can be granted." In analyzing a motion to dismiss under Rule 12(b)(6) the court will "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to the complaint, the Court may also consider any exhibits attached thereto. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (noting that when deciding a motion to dismiss, courts generally consider "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record").

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether a

complaint is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. While not a "probability requirement," plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015). Additionally, a court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

**B.     ERISA Preemption**

Defendant argues that Plaintiff's claims are completely preempted under Section 502(a) of the Employee Retirement Income Security Act ("ERISA"). The Court agrees.

ERISA applies to "any employee benefit plan if it is established or maintained . . . by any employer engaged in commerce." 29 U.S.C. § 1003(a). ERISA defines "employee welfare benefit plan" as

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise (A) medical, surgical, or hospital care or benefits[.]

29 U.S.C. § 1002(1).

Section 502(a) of ERISA, known as its civil-enforcement provision, provides that a claim may be brought by a participant or beneficiary "to recover benefits due to him under the terms of

3

his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. 1132(a); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 53 (1987). "The Supreme Court has determined that Congress intended the complete-preemption doctrine to apply to state law causes of action which fit within the scope of ERISA's civil-enforcement provisions." *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 354 (3d Cir. 1995); *see also Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) ("[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted.").

The doctrine of complete preemption applies when

> the pre-emptive force of [the federal statutory provision] is so powerful as to displace entirely any state cause of action [addressed by the federal statute]. Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of [the federal provision].

*Id.* (brackets in original) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 22 (1983)). In other words, complete preemption pursuant to Section 502(a) will convert a state law claim into a federal one.

Under Section 502(a), state law claims are completely preempted when (1) the plaintiff could have brought the action under Section 502(a) of ERISA and (2) no independent legal duty supports the plaintiff's claim. *Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004); *see also Davila*, 542 U.S. at 210 (holding that state law claim is completely preempted when action could have been brought under Section 502(a)(1)(B) and no other legal duty independent of ERISA exists). The test is fashioned in the conjunctive so that "a state-law cause of action is completely preempted only if

4

*both* of its prongs are satisfied." *N.J. Carpenters & the Trustees Thereof v. Tishman Const. Corp. of N.J.*, 760 F.3d 297, 303 (3d Cir. 2014) (emphasis added).

Here, Plaintiff's claims for breach of contract and breach of the covenant of good faith and fair dealing are completely preempted by Section 502(a) of ERISA. Plaintiff alleges that she was an account holder of a group health plan issued to her through her employer. Thus, the contract at issue here is an ERISA employee benefit plan. *See* 29 U.S.C. § 1003(a). Plaintiff claims that she submitted medical claims to Defendant and that Defendant has "refused to make full and proper payment . . . in breach of the contract of insurance." Compl., Count 1, ¶¶ 7-8. Thus, Plaintiff's claim clearly falls under Section 502(a) and is subject to complete preemption. *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 272 (3d Cir. 2001) ("[C]laims challenging the quantum of benefits due under an ERISA-regulated plan are completely preempted under § 502(a)'s civil enforcement scheme."). Accordingly, the first prong of the complete preemption test is met. The second prong is also satisfied because Plaintiff alleges no facts indicating that there is an independent legal duty to support her claims. Therefore, Counts One and Two are completely preempted by Section 502(a) and are dismissed without prejudice.

Defendant further moves to dismiss the Complaint because Plaintiff did not plausibly plead her claims. The Court agrees. As to the breach of contract claim, Plaintiff fails to indicate which portion(s) of her plan are relevant or how Defendant breached the unnamed provision(s). Similarly, Plaintiff fails to provide plausible factual support for her breach of the covenant of good faith and fair dealing count. Accordingly, even if Plaintiff's claims were not subject to complete preemption, they would still fall short of being sufficiently pled. If Plaintiff files an amended complaint and asserts that her claims are not preempted because they are supported by an independent legal duty, Plaintiff must plausibly plead such allegations.

### C. Exhaustion of Administrative Remedies

Defendant further argues that Plaintiff should not be granted leave to amend the Complaint because Plaintiff fails to allege that she exhausted all administrative remedies prior to filing suit. Generally speaking, "a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan." *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 249 (3d Cir. 2002) (quoting *Weldon v. Kraft, Inc.*, 896 F.2d 793, 800 (3d Cir. 1990)). Here, Defendant is correct that Plaintiff does not allege that she exhausted her ERISA plan's internal review procedures. The Court, however, declines to dismiss the matter with prejudice on this basis. First, the benefit plan submitted by Defendant was not authenticated, so the Court cannot conclude as a matter of law that the submitted plan was applicable to Plaintiff. Moreover, Plaintiff initially filed her case in state court, which abides by the more generous notice pleading standard rather than the more onerous plausibility standard. Since Plaintiff did not know when she filed that this matter would be subject to the federal standard, the Court will permit her to address the administrative appeals process in her amended complaint, should she choose to file one.

### IV. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is granted. Counts One and Two are preempted by ERISA and therefore dismissed. In addition, neither count is plausibly pled. Plaintiff may file an amended complaint within thirty days of this Opinion in accordance with Local Civil Rule 15.1.[2] Failure to file an amended complaint will result in the

---

[2] Effective May 10, 2017, Local Civil Rule 15.1 states, in part, that

> a party who files an amended pleading in response to an Order authorizing the filing of that pleading to cure a defect in its pleading shall file:

6

Complaint being dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: May 25, 2017

                                                         */s/*
                                    John Michael Vazquez, U.S.D.J.

---

    (1) a copy of the amended pleading, complete with a handwritten or electronic signature;
and
    (2) a form of the amended pleading that shall indicate in what respect(s) it differs from the pleading that it amends, by bracketing or striking through materials to be deleted and underlining materials to be added.